**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AXIOM INSURANCE MANAGERS AGENCY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| INDEMNITY INSURANCE CORPORATION, | ) | JURY DEMANDED |
| RISK RETENTION GROUP | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Axiom Insurance Managers Agency, LLC ("Axiom"), by its attorneys, states the following as its Complaint against Defendant Indemnity Insurance Corporation, Risk Retention Group ("Indemnity"):

**THE PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff Axiom Insurance Managers Agency, LLC ("Axiom") is an Illinois limited liability company having its principal place of business in Rolling Meadows, Illinois. Axiom's two members are Dragan Djordjevic and Neno Djordjevic. Dragan Djordjevic, an individual, is a citizen of the State of Illinois. Neno Djordjevic, an individual, is also a citizen of the State of Illinois.

2.     Defendant Indemnity Insurance Corporation of DC, Risk Retention Group ("IIDC") is a risk retention group. It is licensed in Delaware and has its principal place of business in Maryland.

3.     IIDC conducts and engages in business in the State of Illinois and hence is doing business in Illinois. According to information IIDC filed in 2010 and 2011 with the National

Association of Insurance Commissioners ("NAIC"), IIDC has written insurance in Illinois and collected premiums for insurance written in Illinois.

4.      Venue is proper in this district under 28 U.S.C. § 1391(c) as IIDC is deemed to reside in this judicial district under that provision.  Venue is also proper in this district as a substantial portion of the acts complained of occurred in this district.

5.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  There is diversity of citizenship between Plaintiff and Defendant and the amount in controversy in this action exceeds $75,000.

## BACKGROUND

6.      Axiom and IIDC compete in the market place to sell or place liability insurance to bars, restaurants and clubs. On August 13, 2009, Axiom filed a complaint against IIDC alleging, inter alia, that IIDC had misrepresented its financial health to the AM Best credit rating agency and others, including retail insurance brokers, to gain an unfair advantage in the marketplace.

7.      Axiom later learned, and alleged in a First Amended Complaint, that IIDC had disseminated false allegations about Axiom to third parties through an email account, concernedunderwriter@yahoo.com, controlled by IIDC's President, Jeff Cohen.

8.      As Axiom alleged in its First Amended Complaint, Cohen had sent similar disparaging communications to third parties from the concernedunderwriter@yahoo.com account, including a communication disparaging another competitor of IIDC's, Founders Insurance Company ("Founders").  Like Axiom, Founders was also forced to file a lawsuit against IIDC.  That case, on information and belief, was settled.

9.      On February 1, 2010, following a lengthy settlement conference before Magistrate Judge Susan Cox, the Parties agreed to a settlement to resolve the matters in this lawsuit.  On or

2

about February 19, 2010, the Parties formalized their agreement in a written document, (the "Settlement Agreement"). The Parties do not dispute the validity of the Settlement Agreement.

10. The Parties Settlement Agreement recited that Magistrate Judge Cox would retain jurisdiction for enforcement of the terms of the Settlement Agreement. But the order terminating the case did not contain the language necessary for her to retain jurisdiction.

11. Under Section 8(b) of the Settlement Agreement, the Parties agreed not to defame or disparage the other party:

> The Parties further agree that they will not, directly or indirectly, through means of oral, written, electronic or other communication, make publish or repeat any statement or information regarding any other Party which constitutes defamation or disparagement...

12. In the event of a breach of this provision, the disparaged party is entitled to its actual damages, or, $100,000, whichever is less.

**IIDC'S BREACH OF THE SETTLEMENT AGREEMENT**

13. Axiom recently learned that IIDC has breached Section 8(b) of the Settlement Agreement, on at least one occasion, by making statements to third parties that constitute defamation, or in the very least disparagement, of Axiom.

14. On Tuesday, December 7, 2010, Jeff Cohen, President of IIDC (and the representative who signed the Settlement Agreement on behalf of IIDC) sent an e-mail to Liberty Mutual, a new business partner of Axiom's, stating that Axiom was not practicing responsible underwriting:

> Pursuant to your request, please see attached example of drastically reduced premium being charged by Axiom through your program. In addition, the retail broker has misrepresented assault & batter coverage on behalf of Liberty. I am forwarding this to the District of Columbia Insurance Department to open an investigation into fraud because the retailer is misrepresenting assault & battery coverage.

Axiom has proposed coverage for an existing risk that is $38,000 less than expiring; not exactly what I would call responsible underwriting. In addition, replacement of an admitted policy with a non-admitted policy with less coverage is against the insurance statutes within D.C.

15.     Not coincidentally, Jeff Cohen's e-mail to Liberty Mutual appeared just after Axiom formed a new and important business relationship with Liberty Mutual. Cohen no doubt was aware of this fact when he decided to disparage Axiom to Liberty Mutual.

16.     IIDC does not dispute that Jeff Cohen wrote the e-mail to Liberty Mutual.

17.     IIDC has insinuated that Jeff Cohen's December 7, 2010 e-mail to Liberty Mutual is all part of "fair competition" in the market place, which is permitted under the Settlement Agreement. IIDC, however, never even suggests that IIDC is competing with Axiom for the insured's business. Cohen's email has no legitimate business purpose.

18.     Cohen's December 7, 2010 e-mail to third party Liberty Mutual constitutes defamation, or in the very least, disparagement of Axiom, which is prohibited under the Settlement Agreement.

19.     As a result of IIDC's breach of Section 8(b) of the Settlement Agreement, IIDC must pay Axiom liquidated damages in the amount of $100,000.

## COUNT I — BREACH OF SETTLEMENT CONTRACT

20.     The Settlement Agreement is a contract.

21.     Axiom has performed the material terms of the contract.

22.     IIDC has breached the contract.

23.     IIDC's breach has damaged Axiom.

WHEREFORE, Axiom requests that judgment be entered in its favor and against IIDC.

## COUNT II — DECLARATORY JUDGMENT

24.     As its paragraph 24, Axiom restates the allegations of paragraphs 6 to 19.

4

25. IIDC has recently alleged that Axiom has breached the Settlement Agreement by allegedly communicating with third parties about IIDC's financial condition.

26. Axiom has denied it has breached.

27. An actual controversy exists between Axiom and IIDC with respect to this issue.

WHEREFORE, Axiom requests that the court find that Axiom has not breached the Settlement Agreement.

Respectfully submitted,

AXIOM INSURANCE MANAGERS
AGENCY, LLC

By: _____/s/ Richard R. Winter_____
        One of its Attorneys

Richard R. Winter (ARDC 6195210)
Maureen E. Browne (ARDC 6282583)
Holland & Knight LLP
131 S. Dearborn Street, 30th Fl.
Chicago, Illinois 60603
Phone: 312-263-3600
Fax: 312-578-6666
rich.winter@hklaw.com
maureen.brown@hklaw.com